UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGO STENSON, | No. 2:16-cv-00782-JAM-CKD |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT** |
| UNITED STATES LIFE INSURANCE COMPANY, | |
| Defendant. | |

The parties failed to properly notify the Court that they had satisfied the Court's meet and confer requirement in connection with their motion/cross motions for summary judgment. The parties filed declarations which state that they did meet and confer before the dispositive motions filing deadline. (ECF Nos. 36, 37, 38). The Court accepts the parties' declarations and withdraws its Order dismissing these motions. The hearing on these motions is still vacated and the motions have been taken under submission. For the reasons set forth below, the motion and cross motion are denied.

It is clear from the voluminous pleadings filed by the parties in support of and in opposition to these motions that

1

there are genuine disputes as to numerous material facts (and the inferences to be drawn from these facts) such that summary judgment cannot be granted to either party in this case and that this action must proceed to trial. For example, the following facts go to the very core of this case and are genuinely disputed:

1. Was Dr. Stenson's death caused by an accidental overdose of drugs?
2. Did Dr. Stenson overdose with suicidal ideation?
3. Was Dr. Stenson addicted to opioids/narcotics?
4. Did the prescription medication impact Dr. Stenson's cognition?
5. Is the Toxicology Report (ECF Nos.28-40, Ex. 5 to Tara Blake Declaration) flawed?
6. What did Defendant review and consider in its investigation of Plaintiff's claim and did Defendant consider any evidence other than that submitted by Plaintiff as part of investigation of this claim?

Indeed, most of the most critical "undisputed facts" submitted in support of the parties' motions are disputed and/or objected to by the responding parties.[1] Also, Defendant's Motions to Strike the Declarations of Plaintiff's Experts cannot be decided by this Court in the absence of a <u>Daubert</u> hearing.

In short, the Court believes that if counsel had engaged in a thorough discussion of these contemplated motions for summary judgment before they were filed, they would have reached the same

---

[1] The Court notes that Defendant's blanket objections to Plaintiff's statement of undisputed facts (116 "undisputed facts" and 94 "objections") and seven Declarations are particularly unhelpful and unnecessary given the evidentiary rules governing summary judgment motions and the Court's ability to self-police. Evidence that is obviously not admissible is not considered by the Court.

conclusion as this Court, i.e., neither party is entitled to judgment as a matter of law given the numerous and genuine disputes of material facts going to the heart of this case. While the Court acknowledges that there are a number of legal issues that have been raised by the parties in these motions,[2] the resolution of those issues are largely dependent upon the factual findings that either a jury or this Court will need to make at the trial of this matter.

Plaintiff's Motion for Summary Judgment (ECF No. 26) and Defendant's Cross Motion for Summary Judgment (ECF No. 28) are therefore DENIED.  This case will proceed to trial on February 26, 2018.  The pretrial conference will be held on January 10, 2018 at 4:00 p.m.

IT IS SO ORDERED.

Dated: November 15, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2] For example: (1) which definition of accident should be applied in this case, the Khatchatrian definition advocated by Defendants (accident requires (1) an external event that is (2) unforeseen) or the Weil, Jones, Olson, Pilcher definition advocated by Plaintiff (accidental death is an unintended and undesigned result even if caused by the insured's voluntary act); (2) Has Defendant waived the sickness or disease exclusion and/or is this exclusion unenforceable; (3) Is Plaintiff's claim barred by delay; and (4) Is Plaintiff entitled to maintain her punitive damages claim.

3